# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**ROBERT WAYNE LOCKE,** )
)
        Petitioner, )
)
v. ) **Case No. CIV 09-389-JHP-KEW**
)
**PAROLE BOARD COMMISSION and** )
**NATHANIEL A. QUARTERMAN,** )
)
        Respondents. )

## OPINION AND ORDER

Petitioner, an inmate in the custody of the Texas Department of Criminal Justice who is incarcerated at the William P. Bill Clements Unit in Amarillo, Texas, has filed this petition for a writ of habeas corpus. He is challenging a parole revocation proceeding in Dallas County District Court in Dallas, Texas, claiming he was denied a preliminary hearing and a hearing pursuant to *Gerstein v. Pugh*, 420 U.S. 103 (1975). He also alleges "a failure to extradition [sic] or a [sic] extradition violation, etc." Finally, he presents the question of whether a parole revocation hearing meets due process requirements.

According to petitioner's "Memorandum of Law" attached to the petition, he was arrested on a parole revocation warrant on October 3, 2008, and has been incarcerated in Texas since that time without a preliminary hearing, contrary to Texas law. It is unclear why he filed the action in this district court, but he asserts that during his extradition to Texas, he was held in Muskogee, Oklahoma. When he inquired about an extradition hearing, he was told he would be transferred to Texas. On October 20, 2008, he was taken by a United States Marshal to Hollis, Oklahoma, and then to Lawton, Oklahoma, before he was moved to Texas.

Although petitioner filed this petition pursuant to 28 U.S.C. § 2254, he is not challenging the validity of his conviction or sentence. Instead, he is alleging unconstitutional state parole revocation procedures, a claim which this court construes as a challenge to the execution of his sentence, pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Because petitioner is incarcerated in Amarillo, Texas, which is in the territorial jurisdiction of the United States District Court for the Northern District of Texas, Amarillo Division, this court finds this habeas matter may more properly be addressed in that district.

**ACCORDINGLY,** the Court Clerk is directed to transfer this matter in the furtherance of justice to the Amarillo Division of the United States District Court for the Northern District of Texas. *See* 28 U.S.C. § 2241(d)

**IT IS SO ORDERED** this 23rd day of October 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma

2