IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT WAYNE LOCKE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0262 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the petition for writ of habeas corpus by a person in state custody filed by petitioner, ROBERT WAYNE LOCKE. Petitioner is in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ") as a result of his 1976 conviction out of Dallas County for the offense of theft of property of a value of over $200 but less than $10,000 (enhanced). Petitioner is serving a sentence of life imprisonment. Petitioner Locke challenges the November 1989 revocation of his parole, and his return to TDCJ in 2008 as a result of that parole revocation.

I.
PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the constitutional laws of the United

CEA\HAB54\R&R\LOCKE-262.PRL:1

States for the following reasons:

    1)    He was denied a preliminary parole revocation hearing;

    2)    He was denied a *Gerstein* hearing;

    3)    He denied an extradition hearing; and

    4)    He was denied a final parole revocation hearing.

## II.
## BACKGROUND

After he was convicted in 1976 and sentenced to life imprisonment, Locke was granted parole in 1984. Locke was initially paroled to the State of Arkansas, but at some point went to Oklahoma. While in Oklahoma, Locke committed criminal offenses and pled guilty to the offenses of robbery by force, and assault and battery with a dangerous weapon, in 1985 in Delaware County, Oklahoma. Following his plea of guilty to those offenses, he was sentenced to a term of ten years in the Oklahoma Department of Corrections. While serving those sentences in the Oklahoma Department of Corrections, his Texas parole was revoked in 1989 after Locke waived his right to a revocation hearing with the understanding his parole would be revoked without him being present. Although his 1985 Oklahoma sentences were for a term of ten years, Locke apparently was not released from custody in Oklahoma until 2008, at which time he was surrendered to Texas authorities based upon the parole revocation detainer which issued in 1989.

Neither petitioner Locke, nor respondent, nor the state court records, provide any enlightenment why petitioner Locke remained in custody in Oklahoma until 2008. Neither the parties nor the records reflect that there were any additional charges which resulted in an additional term of imprisonment. It is not necessary for this Court to resolve that question in this habeas

corpus proceeding.  Petitioner has not made any claim that there was any delay by Texas authorities in securing his presence and it appears that he remained in the custody of the Oklahoma Department of Corrections until 2008, and was not eligible to be returned to Texas before 2008.

### III.
### MERITS

Respondent has filed an answer to petitioner Locke's petition.  In that answer respondent alleges Locke is not entitled to relief on grounds 1, 2, or 4 relating to the denials of a preliminary revocation hearing or a final revocation hearing because those claims are barred by the one year limitations period.  Although Locke was not physically returned to the custody of TDCJ until October 2008, his parole was revoked in 1989, and the factual basis of those claims was established at that time.  While serving sentences in the Oklahoma Department of Corrections, Locke waived his rights to a parole revocation hearing and agreed to have his parole revoked *in absentia*.  Consequently, Locke's federal habeas corpus petition, filed approximately ten years after his parole was revoked, is time barred as to grounds 1, 2, and 4.

Respondent also argues Locke failed to raise his third and fourth grounds for relief in his state habeas writ application and that those grounds are unexhausted and procedurally barred.  Review of the state habeas records confirms respondent is correct.  Petitioner presented only one ground in his state habeas application, *i.e.*, "Denied A Parole Revocation Pliminary (sic) Hearing."  Petitioner did include, in a memorandum of law, a comment about not having been given a final parole revocation hearing, but did not present such as a ground as a claim for relief.

The Court finds respondent's arguments that Locke's claims are barred either by limitations or because of Locke's failure to exhaust to be valid.

IV.
## MERITS

Since all of Locke's claims are barred either by limitations or failure to exhaust, it is not necessary to address the merits of Locke's claims. Nonetheless, the merits of his claims have been reviewed, and review of the state court records and of respondent's answer reflects Locke's claims to be without any arguable merit. Locke claims he was denied his rights to a preliminary parole revocation hearing, a *Gerstein* hearing,[1] that he was entitled to and denied his right to an extradition hearing, and that he was denied his right to a final parole revocation hearing.

Locke has failed to show that the state court decision denying habeas relief was unreasonable as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). That decision of the Texas Court of Criminal Appeals was based upon the findings of the trial court. The state trial court specifically found petitioner was not denied any rights guaranteed to him by the Constitution of the United States. In reaching this determination the state trial court found the affidavit of Charley Valdez, a Program Specialist for the Texas Department of Criminal Justice to be credible. Mr. Valdez's affidavit recites that petitioner Locke was released from TDCJ custody to parole on August 17, 1984, and was returned to TDCJ custody on October 20, 2008, from the Oklahoma Department of Corrections. Mr. Valdez's affidavit further provides that petitioner Locke waived his parole revocation on November 6, 1989, while confined in the Oklahoma Department of Corrections, and that his parole was revoked-*in-absentia* on November 21, 1989.

This Court has reviewed the parole revocation packet contained in the state court records

---

[1] Apparently Locke is asserting entitlement to a probable cause hearing pursuant to *Gerstein v. Pugh*, 420 U.S. 103, 114, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). In *Gerstein v. Pugh*, the Supreme Court held the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to an extended restraint of liberty following arrest.

and notes that the parole revocation packet establishes that petitioner Locke was granted a Certificate of Parole on August 13, 1984, and in that Certificate of Parole, which was signed by Locke, at paragraph 9, Locke waived his right to extradition to the State of Texas from any jurisdiction in or outside the United States, and he further agreed he would not in any manner contest any effort by the State of Texas to return him to the State of Texas.  That parole packet also contained, at page 14, a notice of intent to revoke due to a new felony conviction, which document was signed by petitioner Locke on November 6, 1989.  That document shows Locke did not want a parole revocation hearing and that he understood his parole would be revoked without his presence. Also in the parole revocation packet is a letter dated November 27, 1989, by which petitioner Locke was notified by the Texas Board of Pardons and Paroles that his parole had been revoked based on a new conviction.  A copy of the Revocation Proclamation was attached to the letter and is also found in the parole revocation packet.  The Proclamation of Revocation reflects petitioner Locke's parole was revoked as of November 21, 1989.

Consequently, if there is any issue regarding whether petitioner Locke's grounds for relief are barred by limitations and by failure to exhaust, such grounds are also without arguable merit.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner, ROBERT WAYNE LOCKE, be DISMISSED as time barred and for failure to exhaust.

VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of October, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).